## SETH FREEMAN'S ADM'R *v.* A. C. KING, ETC.

**Property—Personalty—Building Erected by Tenant.**

    A building erected on land by a tenant with the privilege of removing it must be regarded as personalty, and should be sold as personalty.

**Executors and Administrators—Sale of Real Estate—Parties.**

    Real estate of a decedent should not be sold without making the heirs parties to the proceeding.

**Executors and Administrators—Settlement Suit—Parties.**

    From the fact that an administrator filed a petition for settlement of the estate it cannot be inferred that the heirs were made parties to the action.

### APPEAL FROM WHITLEY CIRCUIT COURT.

June 17, 1873.

OPINION BY JUDGE PRYOR:

If the dwelling on the premises formed no part of the freehold and the parties had the right to remove it, it should be regarded as personalty and the proceeds of sale distributed between the creditors. It seems to have been built by a tenant with the privilege of removing it, and whilst the ground and other buildings belonged to

King and his brother.  This particular building, with the kitchen, belonged to A. B. King and he sold it without passing any title whatever to the land upon which the building stood to Freeman. The parties all regarded these buildings as forming no part of the realty, and they should have been sold as personal estate, requiring the purchaser to remove them.  No lien existed upon it in favor of appellees.  There is no proof in the record that A. C. King paid any part of the replevin bond executed to Carter & Co. and therefore the credit allowed him was improper.  Nor does King or any of the defendants in response to the set-off relied on and pleaded by the appellant make any such denial of the accounts as requires proof.  The admissions are that they secured notes amounting to $——, which amounts to no pleading at all.  The real estate of Freeman should not have been sold without making his heirs parties to the action.  It is true the record shows that the administrator filed a petition for a settlement of Freeman's estate, but we can not infer from this proceeding that the heirs were even made parties to that action.  After an answer is filed by the administrator it is error to dismiss the action because no demand was made.  Still, as the action had been instituted against Freeman in his lifetime, and although the suit had been revived and the answer of the administrator filed, the administrator had the right to call on the claimants to make an affidavit to the claims as required by the statute, but could not have the suit dismissed for want of a demand.  The court properly applied the set-off in discharge of the claims against the estate.  Some of the accounts are definitely proven and others not proven at all, and therefore the case should go back to the commissioner with directions to take proof and the pleadings should be amended if desired by the parties.

It was also erroneous for the court in its judgment to leave the commissioner to determine the balance of the account due the administrator to be deducted from the amount of the judgment, and also in leaving the commissioner to fix the amount ascertained as error in the calculation of interest.  The report and orders of the court may show the amounts but they should have been specified in the judgment.

A more minute description of the property should also have been given, not only in the judgment but in the pleadings.  For the error

indicated the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*VanWinkle, Scott, Smith, for appellant.*

*James, for appellee.*